IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MEHLEK DAWVEED                  :
                                :
   v.                            :   Civil Action No. DKC 14-2074
                                :
W. STARKS, ET AL.               :
                                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this tax lien case are the motion to dismiss filed by Defendants W. Starks and Keith E. Belkin (ECF No. 8), and a motion to strike filed by *pro se* Plaintiff Mehlek Dawveed (ECF No. 11). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted and the motion to strike will be denied.

**I.   Background**

Plaintiff Mehlek Dawveed commenced the first of these actions on March 7, 2012, by filing a complaint against Keith E. Belkin, an employee of the Internal Revenue Service ("IRS"). (Civ. No. DKC 12-0711, ECF No. 1). On October 3, 2012, Plaintiff filed another complaint against Keith E. Belkin and the Department of the Treasury and the IRS. (*See* Civ. No. DKC 12-2935). Defendants moved to dismiss both actions, alleging

lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. The court consolidated the cases for purposes of adjudicating the motions to dismiss. The complaint in those cases – much like Plaintiff's complaint here – related to a federal tax lien assessed against Mr. Dawveed. On February 7, 2013, the undersigned issued a memorandum opinion and order in Civ. No. DKC 12-0711 and Civ. No. DKC 12-2935, granting the motions to dismiss, but allowing Plaintiff leave to amend the complaint:

> As noted, *if Mr. Dawveed can show that he properly exhausted administrative remedies*, he may be able to state a claim for damages against the government pursuant to 26 U.S.C. § 7433. In order to state a sufficient claim for relief under § 7433, the taxpayer must allege that an "officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregard[ed] any provision of this title, or any regulation promulgated under this title." In addition to demonstrating proper exhaustion in accordance with 26 C.F.R. § 301.7433-1(e), the complaint must identify the allegedly offending official, cite the code provision or regulation allegedly violated, and set forth facts which, if proven, would establish that the official intentionally, recklessly, or negligently disregarded the cited provision or regulation. *See Stephens v. United States*, No. CV407-194, 2008 WL 3554125, at *3 (S.D.Ga. Aug. 4, 2008). The offending conduct, moreover, must have occurred within two years of the date the complaint was filed, *see* 26 U.S.C. § 7433(d)(3), and damages are limited to a maximum of one million dollars, *see* 26 U.S.C. § 7433(b).

*See Dawveed v. Belkin*, Civ. Action No. DKC 12-0711, DKC 12-2935, 2013 WL 497990, at *3 (D.Md. Feb. 7, 2013) (emphasis added).[1] Plaintiff was required to file an amended complaint within twenty-one (21) days, but he failed to do so and the court directed the clerk to close the case on March 5, 2013.[2]

Over a year later, on May 13, 2014, Plaintiff filed a complaint in the Circuit Court for Montgomery County, Maryland, naming W. Starks and Keith E. Belkin – two employees of the IRS – as defendants. (ECF No. 2). Subsequently, Defendants removed to this court pursuant to 28 U.S.C. §§ 1441 & 1442. (ECF No. 1). On June 28, 2014, Defendants moved to dismiss. (ECF Nos. 8 & 9). Plaintiff was provided with a *Roseboro* notice (ECF No. 10), which advised him of the pendency of the motion to dismiss and his entitlement to respond within seventeen (17) days from the date of the letter. *Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir.1975) (holding *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment). Plaintiff moved to strike the motion to dismiss.

---

[1] Civ. No. DKC 12-2935 was closed after the court issued the memorandum opinion and order on February 7, 2013.

[2] The United States informs that Plaintiff has filed for bankruptcy in the District of Maryland in 1997, 2003, 2009, and 2013. (*See* ECF No. 9, at 6). Most recently, Plaintiff filed an adversary proceeding against the Internal Revenue Service, which the Bankruptcy Court dismissed on February 19, 2014.

3

(ECF No. 11).  Defendants opposed the motion to strike (ECF No. 12), and Plaintiff replied (ECF No. 13).

## II. Analysis

Plaintiff's complaint – which is a far cry from a model of clarity - resembles his prior actions against IRS employees.  In the instant case, Plaintiff asserts that Defendants committed constitutional violations by seizing his PNC bank account in the amount of $188,567 on May 20, 2011, and issuing a "wrongful tax lien/levy/seizure judgment in the amount of $1,332,575.11 on February 22, 2012 in [the] Circuit Court for Montgomery County/Civil System Case Number 93260F for Tax Year(s) 2010 and 2011."  (ECF No. 2, at 1).  Plaintiff also appears to allege violations of the Maryland Declaration of Rights and various federal statutes.

As explained in the February 7, 2013 memorandum opinion, individual employees of the IRS are not proper defendants here, as the United States is the real party in interest.  Thus, the United States will be substituted as the proper defendant. Moreover, as explained below, there are significant limits on suits against the United States.

Plaintiff argues that he is "allowed to file this lawsuit against Defendants for the purpose of restraining the assessment or collection of taxes."  (ECF No. 11, at 1).  As Judge Messitte

4

explained in *Bullard v. United States*, 486 F.Supp.2d 512, 515 (D.Md. 2007), however:

> The United States is entitled to sovereign immunity unless it consents to be sued. *See United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). Not only is such consent lacking here, but an outright prohibition from suit obtains: *The Anti-Injunction Act deprives the Court of jurisdiction to enjoin the ability of the IRS to assess and collect taxes.* See 26 U.S.C. § 7421 ("Anti-Injunction Act"). Specifically, the Act provides that, aside from specifically enumerated exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." *Id*. § 7421(a). This language aims to "withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Navigation Co., Inc.*, 370 U.S. 1, 5, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

(emphasis added); *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 405 (4th Cir. 2003) (noting that "courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes.").

Insofar as Plaintiff seeks monetary damages, the United States Code contains a waiver of sovereign immunity for misconduct by the IRS. Specifically, 26 U.S.C. § 7433(a) provides that "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee

5

of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title . . . such taxpayer may bring a civil action for damages against the United States."  26 U.S.C. § 7432 states that "[i]f any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States."  A plaintiff must exhaust the administrative remedies available within the IRS before bringing suit for violations under both sections, however.  *See Robertson v. United States*, Civ. No. WDQ-13-1383, 2014 WL 465714, at *3 (D.Md. Feb. 4, 2014) ("Because Robertson has not exhausted his administrative remedies, the Court does not have jurisdiction over his § 7432 claim.").

Plaintiff asserts that he exhausted his administrative remedies by filing an action in the United States Court of Federal Claims.³  Plaintiff is mistaken.  26 C.F.R. § 301.7432-1(f) (governing actions for failure to release a lien) and 26 C.F.R. § 301.7433-1(e) (governing actions for certain unauthorized collection activities) set forth the procedures for

---

³ The docket from the case Mr. Dawveed filed in the Court of Federal Claims reflects that the case was dismissed on April 15, 2014 for lack of jurisdiction.  *See Dawveed c/o Olajumoke O. Ogunfiditimi v. United States*, No. 14-247T, ECF No. 4.

6

bringing an administrative claim, and it does not appear that Plaintiff complied with those procedures. Moreover, under 26 U.S.C. § 7433, a plaintiff must file a lawsuit in district court within two years from the time a cause of action accrues against the IRS. *See* 26 U.S.C. § 7433(d)(3); 26 C.F.R. § 301.7433-1(g)(1). Notably, "[t]he two-year statute of limitations of section 7433 is *not* subject to equitable tolling, even where the taxpayer seeks to exhaust administrative remedies." *Hynard v. Internal Revenue Service*, 233 F.Supp.2d 502, 509 (S.D.N.Y. 2002) (emphasis added). "A plaintiff's failure to timely file an action within that two-year period deprives the court of jurisdiction." *Nerlinger v. United States*, No. 14-10635, 2015 WL 93439, at *4 (E.D.Mich. Jan. 7, 2015) (dismissing with prejudice claims brought under 26 U.S.C. §§ 7432 and 7433).

Insofar as Plaintiff asserts a claim under 26 U.S.C. § 7422 for a tax refund, there also is no indication that he filed *timely* a claim for refund with the IRS. (*See* ECF No. 2, at 2, ("Defendants failed to calculate the $133,588 paid to the State of Maryland . . . for tax year 2010 and the $188,567 illegally seized from PNC Bank account on May 20, 2011 in their method of assessment and recording verification process, of which culminated in the $1,332,575.11 *withholding of tax refund* for year 2011") (emphasis added)); *Rodriguez v. Aiello*, 1997 WL 440747, at *1 (D.Md. Apr. 8, 1997) (noting that filing a claim

7

with the IRS for a refund is a jurisdictional predicate to the filing of a Section 7422(a) action in district court).

*Tolliver v. I.R.S.*, Civ. Action No. PJM-12-1821, 2012 WL 2579341, at *1 (D.Md. July 3, 2012), explained the process for filing a timely claim for refund with the IRS:

> To be timely, the claim for refund must be filed with the I.R.S. within either three years of the filing of the tax return or within a two-year period of the date of tax payment, whichever period ends later. *See* 26 U.S.C. § 6511(a). Once a taxpayer submits a refund claim to the I.R.S., the taxpayer must wait at least six months before filing a lawsuit, unless the claim is denied before the end of the six-month period. Id. § 6532(a)(1). *Additionally, the taxpayer must file the lawsuit within two years of the mailing of the notice of disallowance of the claim, unless the taxpayer and the I.R.S. agree in writing to extend the deadline.* *See* 26 U.S.C. § 6532(a)(1)-(2). A taxpayer may not obtain a refund for a particular tax year – either through the submission of a refund claim to the I.R.S. or the filing of a lawsuit – if the I.R.S. has provided a taxpayer with a notice of deficiency for that tax year and the taxpayer timely challenged the deficiency in the Tax Court. *See* 26 U.S.C. § 6512(a).

(emphasis added). Here, Plaintiff has not provided any evidence that he filed timely a claim for refund with the IRS, a prerequisite to this court's jurisdiction. *See Beckwith Realty, Inc. v. United States*, 896 F.2d 860, 862 (4th Cir. 1990) ("Section 7422(a) requires the filing of a timely claim for refund before a district court can obtain jurisdiction over a

tax refund action so that the Internal Revenue Service will have the opportunity to consider and dispose of a taxpayer's claim without the expense and time involved in litigating the suit."); *see also Carter v. Campbell*, 264 F.2d 930 (5th Cir. 1959) (Congress provided two mechanisms for a taxpayer to challenge legality of a tax or assessment: he may decline to pay and, provided prescribed steps are taken, seek determination through the tax court; or he may pay the disputed tax and, *after exhausting refund claim procedures*, sue either the district director or the United States to recover back payments).

Considering the allegations in the complaint, it appears that too much time has elapsed for Plaintiff to exhaust administratively any of the claims raised in the complaint. Accordingly, Plaintiff is unable to satisfy the prerequisites to assert subject matter jurisdiction, thus dismissal of all claims raised in the instant matter will be with prejudice. *See, e.g., McCray v. Maryland Dept. of Transp.*, Civ. Action No. ELH-11-3732, 2014 WL 4660793, at *11 (D.Md. Sept. 16, 2014) (dismissing Title VII claims with prejudice because plaintiff failed to file her discrimination claims with the EEOC in a timely manner); *Lee v. Safeway, Inc.*, Civ. Action No. RDB-13-3476, 2014 WL 4926183, at *7 (D.Md. Sept. 30, 2014) ("Lee has not satisfied the prerequisite of filing her charge with the EEOC for alleged discrimination that occurred beyond the above dates. This Court

9

thus does not have subject matter jurisdiction over the associated claims. []  Accordingly, her Complaint related to alleged incidents outside the statutory periods must be dismissed with prejudice").

### III. Conclusion

For the foregoing reasons, the motion to dismiss for lack of subject matter jurisdiction will be granted.  The motion to strike filed by Plaintiff will be denied.  The complaint will be dismissed with prejudice, thus Plaintiff is cautioned not to file any further lawsuits arising from these claims.  A separate order will follow.

                                                              /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge